**GUI HE CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2296–ag.

United States Court of Appeals, Second Circuit.

Feb. 29, 2008.

---

1.  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Charles Christophe, New York, NY, for petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Erica B. Miles, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Gui He Chen, a native and citizen of the People's Republic of China, seeks review of the May 8, 2007 order of the BIA denying his motion to reopen. *In Gui He Chen, a.k.a. Kao Ho Chen, a.k.a. Tae Hoom Kim,* No. A77 296 886 (B.I.A. May 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Chen did not file a petition for review in this Court of the BIA's August 2003 decision affirming the IJ's August 2001 decision, or the BIA's January 2004 decision denying his first motion to reconsider, and because Chen did file a petition for review in this

Court of the BIA's April 2004 decision denying his second motion to reconsider, which was dismissed for failure to comply with the scheduling order, we limit our review to the BIA's May 2007 decision denying his motion to reopen. *Cf. Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir.2001).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

### A. Ineffective Assistance of Counsel

■ The BIA did not abuse its discretion in denying Chen's motion to reopen to the extent it alleged ineffective assistance of counsel. With respect to Joseph Muto, the BIA appropriately noted that Chen's ineffective assistance of counsel claim had been previously raised and rejected. *See Khan v. Gonzales*, 495 F.3d 31, 36–37 (2d Cir.2007) (finding that the BIA did not abuse its discretion by denying motion to reconsider where motion "merely repeated arguments raised previously"); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006). Indeed, Chen raised this argument to the BIA in his appeal from the IJ's decision, in his first motion to reconsider, and in his second motion to reconsider. Although in the decision under review the BIA went on to reiterate its prior finding that Mr. Muto's assistance did not

prejudice the outcome of Chen's case, this was not a new finding subject to review.

■ We also find that the BIA did not abuse its discretion in denying Chen's motion to reopen with respect to Douglas B. Payne. Chen argues that Mr. Payne's assistance prejudiced the outcome his case where he failed to submit Chen's sterilization evidence on appeal and also failed to request a remand from the BIA to consider this evidence. Nevertheless, Chen retained Mr. Payne to file an appeal of the IJ's decision, and he did so. Mr. Payne's decision not to submit new evidence to the BIA on appeal from the IJ's decision did not prejudice Chen's case in any way because submission of new evidence for further fact-finding on appeal is not permitted by the BIA's regulations. *See* 8 C.F.R. § 1003.1(d)(3)(iv); *see also Xian Tuan Ye v. DHS*, 446 F.3d 289, 296 (2d Cir.2006) (finding that "the BIA may only review the IJ's factual findings to determine whether they are clearly erroneous, and may not engage in fact-finding").

■ With respect to Michael A.O. Brown and Thomas Massucci, Chen argued that both failed to properly pursue his petition for review of the denial of his second motion to reopen. With respect to this allegation, the BIA found that it "does not have jurisdiction to consider allegations of ineffective assistance arising after the [BIA] has issued a final administrative order of removal." Indeed, it is unclear what remedy the BIA could provide in reopening Chen's case where it was this Court that had dismissed Chen's prior petition for review.[2] To the extent that the alleged ineffective assistance of counsel occurred after the issuance of a final order of removal, it is arguable that an ineffective

---

2. An alien may move the BIA to reissue a decision in order to file a petition for review. *See, e.g., Ping Chen v. U.S. Att'y Gen.*, 502 F.3d

73, 75 (2d Cir.2007). Here, however, Chen never sought reissuance.

assistance of counsel claim lay properly in a habeas proceeding before the district court. *See Singh v. Gonzales,* 499 F.3d 969, 974–80 (9th Cir.2007). However, we need not reach this complicated jurisdictional question here, where Chen's failure to demonstrate any prejudice is dispositive.

With respect to Mr. Massucci, Chen also can show no prejudice even though his petition for review of the denial of his second motion to reconsider was ultimately dismissed in this Court because he failed to comply with a scheduling order. Even if the petition for review had not been dismissed, it plainly lacked merit because Chen's second motion to reconsider exceeded the numerical limitations for such motions. *See* 8 U.S.C. § 1229a(a), (c)(6)(B); *see also Jin Ming Liu,* 439 F.3d at 111. Moreover, the BIA did not abuse its discretion in determining that Chen has not shown that he exercised due diligence in pursuing his ineffective assistance of counsel claim against Mr. Massucci.

### B. Changed Country Conditions

■ Furthermore, the BIA did not abuse its discretion in finding that Chen failed to show that his motion to reopen qualified for an exception to the time and numerical limitations based on "changed country conditions" in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii). Chen's asylum claim was based on his alleged violation of China's family planning policy and the evidence he submitted indicates that the coercive population control program "continues to be carried out." Moreover, Chen's complete lack of credibility before the IJ calls into question the relevance of any of the evidence he submitted. *See Kaur,* 413 F.3d at 234 (finding that the BIA did not abuse its discretion in denying petitioner's motion to reopen due, in part, to his failure to rebut the adverse credibility determination that provided the basis for the IJ's

denial of his underlying asylum claim). Consequently, the BIA did not abuse its discretion in finding that Chen failed to demonstrate changed country conditions.

### C. Consideration of the Record

■ Moreover, Chen argues that the BIA erred by failing to fully review the record. We find this argument unavailing. In its decision, the BIA acknowledged Chen's submission of two letters from his former attorneys and copies of the *Lozada* inquiries Chen sent to his former attorneys. While the BIA has an obligation to address all evidence relevant to a petitioner's claim, the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006). The BIA must consider the relevant evidence, but "it may do so in summary fashion without a reviewing court presuming that it has abused its discretion." *Id.*

### D. *Sua Sponte* Reopening

■ Finally, although Chen argues that the BIA abused its discretion by failing to reopen his proceedings *sua sponte,* we lack jurisdiction to review the BIA's decision in that respect because it is "entirely discretionary." *See Cyrus v. Keisler,* 505 F.3d 197, 202 (2d Cir.2007) (finding that the BIA's decision not to reopen *sua sponte* under 8 C.F.R. § 1003.2(a) is a discretionary decision that is not subject to judicial review); *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the stay of removal that the Court previously granted in this petition is VACATED.