**XING MING CHENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–4685–ag.**

United States Court of Appeals, Second Circuit.

Aug. 22, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Erica B. Miles, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xing Ming Cheng, a native and citizen of the People's Republic of China, seeks review of the October 4, 2007 order of the BIA denying his motion to reopen. *In re Xing Ming Cheng*, No. A29 795 013 (B.I.A. Oct. 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.

2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

It is beyond dispute that Cheng's motion to reopen was untimely and number barred, and we find no abuse of discretion in the BIA's finding that he did not qualify for an exception to the time and numerical limitations applicable to such a motion. *See* 8 C.F.R. § 1003.2(c)(2). In certain circumstances, an alien may toll the time limit applicable to his motion to reopen by demonstrating ineffective assistance of counsel. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994). However, in addition to showing prejudice and complying with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), the alien must show that she exercised due diligence during the period he sought to toll. *See Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir.2007). "[N]o matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled." *Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006).

We find that the BIA did not abuse its discretion in finding that Cheng did not exercise due diligence in pursuing his ineffective assistance of counsel claim. There is no evidence in the record to explain why Cheng made no effort to learn about the status of his appeal between March 1992, when he filed a notice of appeal with the BIA, and April 2001, when he filed his first

motion to reopen with the BIA. Instead, the record demonstrates that when the BIA dismissed Cheng's appeal from the Immigration Judge's decision in January 1995, six years elapsed before he took any action to learn the status of his case, as evidenced by the filing of his first motion to reopen in April 2001.[2] In the absence of any evidence, such as an affidavit or supporting documents, demonstrating that Cheng exercised due diligence between March 1992 and April 2001, the BIA did not abuse its discretion in finding he failed to exercise due diligence. *See Jian Hua Wang,* 508 F.3d at 715.

Furthermore, while Cheng filed his first motion to reopen in April 2001, he failed to raise any ineffective assistance of counsel claim until his third motion to reopen in January 2007. Despite his assertion that he filed his first and second motions to reopen in April 2001 and in July 2002 respectively "[b]efore [he] discovered Mr. Coven's negligence," the record indicates he was certainly aware of the BIA's 1995 decision dismissing his appeal at the time he filed these motions. Indeed, the BIA's 1995 decision, which Cheng cites to in his first and second motions to reopen, noted Mr. Coven's failure to submit a brief on appeal, which is the heart of Cheng's alleged ineffective assistance of counsel claim. As a result, Cheng was certainly aware of Mr. Coven's conduct in 2001, when he filed his first motion to reopen. Thus, the BIA properly determined that Cheng failed to demonstrate due diligence during the nearly twelve years he sought to toll, rendering him ineligible for equitable tolling. *See Cekic,* 435 F.3d at 170.

 Finally, we lack jurisdiction to review the BIA's decision not to reopen Cheng's proceedings *sua sponte* because such decision is "entirely discretionary." *See Cyrus v. Keisler,* 505 F.3d 197, 202 (2d Cir.2007) (finding that the BIA's decision not to reopen *sua sponte* under 8 C.F.R. § 1003.2(a) is a discretionary decision that is not subject to judicial review); *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (same).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

---

**2.** To the extent Cheng argues that back "[i]n those days" it often took nine years or longer for an asylum case to be decided and it is unreasonable to expect him to inquire into his case under such circumstances, Cheng's unsupported assertions do not establish that he exercised due diligence in pursuing his ineffective assistance of counsel claim. *See INS v. Phinpathya,* 464 U.S. 183, 188 n. 6, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984) (arguments are not evidence); *see also Carrillo–Gonzalez v. INS,* 353 F.3d 1077, 1079 (9th Cir.2003) ("Carrillo–Gonzalez forwards this claim solely through the argument of her counsel, which does not constitute evidence.").