**Zhen ZHENG, Petitioner,**

**v.**

Alberto R. GONZALES,* Respondent.

No. 04–3051–AG.

United States Court of Appeals,
Second Circuit.

Feb. 6, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Gregorgy R. Miller, United States Attorney for the Northern District of Flori-

da, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, Florida, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Zhen Zheng ("Zheng"), through counsel, petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering his removal to China and denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and procedural history of the case.

We review an IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). In order to be eligible for asylum, an applicant must show that he is a refugee by "establishing that he is unable or unwilling to return to [his home country] because he experienced past per-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for-

mer Attorney General John Ashcroft as a respondent in this case.

secution or has a well-founded fear of persecution on account of" one of five enumerated grounds: "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 66 (2d Cir.2002).

The IJ's decision to deny Zheng relief was supported by substantial evidence, as Zheng's testimony: (1) was inconsistent with the registration book concerning his mother's and sister's professions, and his sister's marital status; (2) contradicted his asylum application and the letter from his parents in that it asserted that his father had been fired for Zheng's practice of Falun Gong; (3) initially asserted that Zheng's father was fired because of Zheng's practice of Falun Gong, but later retracted that assertion when confronted with Chan Tung's testimony; (4) was inconsistent as to whether and when Zheng knew that Falun Gong practitioners were entitled to asylum in the United States; (5) was inconsistent and confused as to whether he continued to search for a job while in hiding; and (6) was implausible with respect to his failure to think of the danger associated with keeping Falun Gong books in his parents' house (*i.e.*, harm to his family), a danger which he specifically acknowledged. Although Zheng's testimony about his mother's and sister's professions and about his search for a job most likely did not go to the heart of the asylum claim, when combined with the other grounds, it further supported the IJ's finding. In addition, because the only evidence of a threat to Zheng's life or freedom depended upon Zheng's credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Finally, there is substantial evidence to support the

IJ's determination with respect to the CAT claim.

For these reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DENIED as moot.