**ZHEN ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0610–ag.

United States Court of Appeals, Second Circuit.

Sept. 16, 2008.

___

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Terri León–Benner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhen Zheng, a native and citizen of the People's Republic of China, seeks review of a January 11, 2008 order of the BIA denying his motion to reopen. *In re Zhen Zheng*, No. A78 220 507 (B.I.A. Jan. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

■ We conclude that the BIA did not abuse its discretion in denying Zheng's motion to reopen. It is undisputed that the motion was untimely where it was filed more than three years after the BIA's May 2004 decision. 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly found that Zheng failed to show that his motion to reopen met an exception to the time limitation based on "changed country conditions" in China. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Zheng argues that the family planning policy will apply to him in a different manner now that he and his wife have had two U.S. citizen children, and that such a difference amounts to a change in country conditions. That argument is unavailing. The BIA properly found that merely characterizing his change in personal circumstances as a change in country conditions in China does not bring Zheng's motion within the time limitation exception for motions to reopen. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130–31 (2d Cir.2005).

■ Furthermore, the BIA did not abuse its discretion in finding that Zheng failed to demonstrate a change in country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). In this regard, the BIA did not act arbitrarily in declining to reopen Zheng's pro-

ceedings based on an undated, unauthenticated document from the Langqi Family Planning Association, where the Immigration Judge ("IJ") made an adverse credibility determination in the underlying proceeding. We have found that the BIA may reasonably decline to accord probative weight to documents submitted with a motion to reopen where the IJ made an adverse credibility determination after the movant's asylum hearing. *Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir. 2007). Because we previously found that the IJ's adverse credibility determination in this case was supported by substantial evidence, *see Zhen Zheng v. Gonzales,* 166 Fed.Appx. 512 (2d Cir.2006), the BIA reasonably relied on that determination in declining to credit the evidence Zheng submitted with his motion to reopen. *See Qin Wen Zheng,* 500 F.3d at 146–47; *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").[1]

Zheng urges this Court to consider the 2006 and 2007 U.S. Department of State Country Reports for China and the documents we addressed in *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir.2006), suggesting that they demonstrate changed country conditions. Zheng, however, failed to submit these documents with his motion to reopen. To the extent Zheng requests that we vacate the BIA's decision and remand his case based on documentary evidence that is not in the record, we decline to do so. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 261–62 (2d Cir. 2007); 8 U.S.C. § 1252(b)(4)(A). Because the BIA's finding that Zheng failed to demonstrate changed country conditions in China is dispositive of his motion to reopen, we need not address its alternate finding that Zheng failed to demonstrate *prima facie* eligibility for relief.

Finally, we lack jurisdiction to review the BIA's decision not to reopen Zheng's proceedings *sua sponte* because such decision is "entirely discretionary." *See Cyrus v. Keisler,* 505 F.3d 197, 202 (2d Cir.2007) (finding that the BIA's decision not to reopen *sua sponte* under 8 C.F.R. § 1003.2(a) is a discretionary decision that is not subject to judicial review); *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006) (same).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. Zheng's reliance on our holding in *Paul v. Gonzales,* 444 F.3d 148 (2d Cir.2006), is misplaced. In that case, we held that the BIA erred in denying the petitioner's motion to reopen based on the IJ's adverse credibility finding where the IJ had rejected the petitioner's claims regarding past persecution but explicitly credited his claim that he was a Christian. *Id.* at 152–54. In such circumstances, we found error in the BIA's decision where it failed to consider objective evidence regarding the mistreatment of Christians in petitioner's country—evidence that did not depend on petitioner's credibility for its probative force. *See id.*