SUMMARY ORDER

Petitioner Jing Yin Jiang, a native and citizen of the People’s Republic of China, seeks review of an October 23, 2007 order of the BIA denying his motion to reopen. In re Jing Yin Jiang, No. A72 215 556 (B.I.A. Oct. 23, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). “An abuse of discretion may be found ... where the [BIA’s] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the BIA has acted in an arbitrary or capricious manner.” Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA’s denial of a motion to reopen, we remain mindful of the Supreme Court’s admonition that motions to reopen are “disfavored.” See INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).
The BIA did not abuse its discretion in denying Jiang’s motion to reopen.[1] It is *369 undisputed that the motion was untimely. See 8 C.F.R. § 1003.2(c)(2). Moreover, the BIA properly found that Jiang failed to show that his motion to reopen met an exception to the time limitation based on “changed country conditions” in China. See 8 C.F.R. § 1003.2(c)(3)(h).
The BIA found, as it has in countless cases, that the oft-cited Aird affidavit and testimony does not show “changed country conditions” in China. See Wei Guang Wang v. BIA, 437 F.3d 270, 274 (2d Cir.2006) (finding that the Ail’d affidavit’s “relevance is ... limited” because “it was not prepared specifically for petitioner and is not particularized as to his circumstances”); see also Matter ofC-C-, 23 I. & N. Dec. 899, 901 (B.I.A.2006).
Jiang urges this Court to consider the 2006 U.S. Department of State country report for China and the documents we addressed in Shou Yung Guo v. Gonzales, 463 F.3d 109 (2d Cir.2006), suggesting that they demonstrate changed country conditions. Jiang, however, failed to submit these documents with his motion to reopen. To the extent Jiang requests that we vacate the BIA’s decision and remand his case based on documentary evidence that is not part of the administrative record, we decline to do so. See Xiao Xing Ni v. Gonzales, 494 F.3d 260, 261-62 (2d Cir.2007); 8 U.S.C. § 1252(b)(4)(A). Because the BIA’s finding that Jiang failed to demonstrate changed country conditions in China is dispositive to his motion to reopen, we need not address its alternate finding that Jiang failed to demonstrate pri« facie eligibility for relief. Moreover, the BIA did not err in referring to its prior adverse credibility determination in concluding that Jiang failed to demonstrate that reopening was warranted. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 147-48 (2d Cir.2007); Kaur, 413 F.3d at 233.
Finally, we lack jurisdiction to review the BIA’s decision not to reopen Jiang’s proceedings sua sponte because such decision is “entirely discretionary.” See Cyrus v. Keisler, 505 F.3d 197, 202 (2d Cir.2007) (ruling that the BIA’s decision not to reopen sua sponte under 8 .C.F.R. § 1003.2(a) is a discretionary decision that is not subject to judicial review); Azmond Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006) (same).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. Because Jiang failed to exhaust his claim before the BIA that he is entitled to file a successive asylum application pursuant to 8 U.S.C. § 1158(a)(2)(D), we are without jurisdiction to consider any such claim. See 8 U.S.C. § 1252(d)(1); see also Karaj v. Gonzales, 462 F.3d 113, 119 (2d Cir.2006) (citing Beharry v. Ashcroft, 329 F.3d 51, 59 (2d Cir.2003)).