05-4194-ag
Cyrus v. Keisler

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2006

(Argued: May 22, 2007                                   Decided: October 19, 2007)

Docket No. 05-4194-ag

GEORGE DESMOND CYRUS,

*Petitioner*,

v.

PETER D. KEISLER,[1] Attorney General of the United States,

*Respondent.*

Before: WALKER and CABRANES, *Circuit Judges*, and PAULEY,[2] *District Judge.*

Petitioner seeks review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings so that he could apply for a waiver of inadmissability under former section 212(c) of the Immigration and Nationality Act ("INA"), in conjunction with an application for adjustment of status under section 245(a) of the INA.  We conclude (1) that the BIA was correct in determining that petitioner is not eligible for a waiver of inadmissibility and is therefore not entitled to reopening pursuant to 8 C.F.R. § 1003.44, and (2) that we lack jurisdiction to review the BIA's decision not to *sua sponte* reopen petitioner's removal proceedings pursuant to 8 C.F.R. § 1003.2(a).

Petition for review is (1) denied in part insofar as it seeks to reopen removal proceedings so that petitioner can apply for waiver of inadmissibility under former section 212(c) of the INA, and (2)

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

[2] The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

dismissed in part insofar as it seeks review of the BIA's decision not to reopen *sua sponte* the removal

proceedings.

> MATTHEW L. GUADAGNO (Kerry W. Bretz and Jules E. Coven,
> *on the brief*), Bretz & Coven, LLP, New York, NY, *for*
> *Petitioner.*

> DIONE M. ENEA, Special Assistant United States Attorney
> (Roslynn R. Mauskopf, United States Attorney, and Scott
> Dunn, Assistant United States Attorney, *on the brief*),
> United States Attorney's Office for the Eastern District
> of New York, Brooklyn, NY, *for Respondent.*

PER CURIAM:

Petitioner George Desmond Cyrus, a native and citizen of Trinidad & Tobago, seeks review of

an order of the Board of Immigration Appeals ("BIA" or "Board") denying his motion to reopen

removal proceedings. *In re George Desmond Cyrus*, No. A 34 341 763 (B.I.A. July 7, 2005). Cyrus lawfully

entered the United States in 1975 and became a lawful permanent resident. On November 4, 1991,

Cyrus was convicted in the Supreme Court of the State of New York for criminal possession of a

firearm.[3] On September 29, 1998, the then-Immigration and Naturalization Service charged Cyrus with

deportability under section 237(a)(2)(C) of the INA, 8 U.S.C. § 1227(a)(2)(C),[4] on the basis of his 1991

conviction for criminal firearm possession, and began removal proceedings. During the removal

proceedings before the IJ, Cyrus conceded deportability on the basis of his firearm conviction, but

---

[3] In 1988, Cyrus had pleaded guilty to one misdemeanor count of sexual misconduct and one misdemeanor count of assault. He served a sentence of sixty days' incarceration in jail for each of these offenses. In 1989, Cyrus pleaded guilty to one misdemeanor count for the criminal sale of marijuana. In 1991, he pleaded guilty to felony firearm possession charges for which he received a sentence of one year's imprisonment. Finally, in August 1996, he was found guilty, following a bench trial, of felony assault and was sentenced to imprisonment for three to six years.

[4] Pursuant to section 237(a)(2)(C), an alien shall be removed "if the alien is within one or more of the following classes of deportable aliens," including:

> Any alien who at any time after admission is convicted under any law of purchasing, selling, offering for sale, exchanging, using, owning, possessing, or carrying, or of attempting or conspiring to purchase, sell, offer for sale, exchange, use, own, possess, or carry, any weapon, part, or accessory which is a firearm or destructive device (as defined in section 921(a) of Title 18) in violation of any law is deportable.

8 U.S.C. § 1227(a)(2)(C).

Cyrus sought cancellation of removal under section 240A(a) of the INA, 8 U.S.C. § 1229b(a).[5]  In these

so-called "removal" proceedings, the IJ found on April 22, 1999 that Cyrus was deportable on the basis

of the firearms conviction.  Cyrus had been convicted of other crimes, but only his firearm conviction

resulted in a finding of inadmissability.  The IJ further found that Cyrus was ineligible for cancellation

of removal pursuant to section 240A(a) on the basis of his prior conviction for the criminal sale of

marijuana, which would be classified as an aggravated felony under the INA.

Cyrus filed a timely appeal from the IJ's decision on April 28, 1999, in which he did not

challenge the IJ's finding of inadmissibility but argued that he should be permitted to file for a waiver

of inadmissibility under former section 212(c) of the INA, 8 U.S.C. § 1182(c) (repealed 1996) ("section

212(c)").[6]  On September 10, 1999, the BIA concluded that it lacked jurisdiction to hear Cyrus's

---

[5]  Section 240A(a) of the INA, 8 U.S.C. § 1229b(a), provides in pertinent part:

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
>
> > (1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
> >
> > (2) has resided in the United States continuously for 7 years after having been admitted in any status, and
> >
> > (3) has not been convicted of any aggravated felony.

[6] Former INA section 212(c) granted the Attorney General discretion to grant waiver of inadmissibility relief to certain legal permanent residents.  Section 212(c) was repealed in 1996 by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), but section 212(c) relief remains available to aliens who pleaded guilty to certain crimes prior to the enactment of IIRIRA and who otherwise would have been eligible for that relief.  *See INS v. St. Cyr*, 533 U.S. 289, 326 (2001).  Regulations of the Department of Homeland Security provide that section 212(c) relief remains available for those who pleaded guilty prior to November 29, 1990. *See* 8 C.F.R. § 1212.3(f)(4)(i).  The tortured history of the availability of this form of relief is recounted in *Blake v. Carbone*, 489 F.3d 88, 93–98 (2d Cir. 2007).

Section 212(c) provides:

> Aliens lawfully admitted for permanent resident who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section (other than paragraphs (3) and (9)(C)). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 1181(b) of this title. The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

arguments because "relief under section 212(c) [was] not available in removal proceedings." *In re George Desmond Cyrus*, No. A 34 341 763 (B.I.A. July 7, 2005). He filed a motion to reopen removal proceedings on May 18, 2000[7] and, on May 27, 2000, filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of New York. On September 5, 2000, the BIA denied his motion to reopen as untimely. On March 8, 2002, the District Court denied his petition for a writ of habeas corpus on the ground that he was ineligible for relief from removal under section 212(c). *Cyrus v. Ashcroft*, No. 00-CV-3621, 2002 WL 377050, *2 (E.D.N.Y Mar. 8, 2002). The District Court concluded that Cyrus's conviction for possession of a firearm rendered section 212(c) relief unavailable to him. *Id.* Cyrus did not appeal the District Court's decision.

On April 26, 2005, almost six years after the BIA's initial adverse ruling, Cyrus filed a second motion to reopen the removal proceedings pursuant to 8 C.F.R. § 1003.44,[8] which permits reopening in order to apply for section 212(c) relief, and 8 C.F.R. § 1003.2(a),[9] which authorizes *sua sponte* reopening

---

8 U.S.C. § 1182(c) (repealed 1996).

[7] The record indicates a discrepancy between the date on which Cyrus claims to have filed the motion, April 18, 2000, and the date it was received by the BIA, May 18, 2000. Because the motion to reopen had to be filed by December 9, 1999 to be timely pursuant to 8 C.F.R. § 1003.2(c)(2), this discrepancy is not significant, inasmuch as the motion was over four months overdue as of the earlier of the two dates.

[8] That regulation provides in pertinent part:

> This section applies to certain aliens who formerly were lawful permanent residents, who are subject to an administratively final order of deportation or removal, and who are eligible to apply for relief under former section 212(c) of the [Immigration and Naturalization] Act and 8 C.F.R. § 1212.3 with respect to convictions obtained by plea agreements reached prior to a verdict at trial prior to April 1, 1997. A special motion to seek relief under section 212(c) of the Act will be adjudicated under the standards of this section and 8 C.F.R. § 1212.3. This section is not applicable with respect to any conviction entered after trial.

8 C.F.R. § 1003.44(a).

[9] Pursuant to 8 C.F.R. § 1003.2(a), the BIA may
> at any time reopen or reconsider on its own motion any case in which it has rendered a decision. A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the [United States Citizenship and Immigration] Service, or by the party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a

4

by the BIA. His motion described his intent to seek adjustment of status under section 245(a) of the INA, 8 U.S.C. § 1255(a),[10] in conjunction with a waiver of inadmissibility under section 212(c), *see* note 6, *ante*. The BIA denied Cyrus's motion to reopen the removal proceedings in a decision of July 7, 2005. In order to reopen the removal proceedings pursuant to 8 C.F.R. § 1003.44, the BIA concluded, Cyrus must establish that he was eligible for waiver of inadmissibility under section 212(c). Section 212(c) relief, in turn, depends on Cyrus's showing that section 212(a) contains a comparable ground of inadmissibility to that ground for which he is removable, namely his 1993 firearms conviction.[11] Because Cyrus conceded that his firearms conviction does not have a statutory counterpart under section 212(a), the BIA concluded that he is ineligible for 212(c) relief. The BIA observed that 8 C.F.R. § 1003.44 provides for reopening "solely for the purpose of adjudicating the application for section 212(c) relief" and accordingly denied the motion. *Id.* (referencing former INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996)). The BIA decision did not address Cyrus's request for a *sua sponte* reopening pursuant to 8 C.F.R. § 1003.2(a).

On appeal, Cyrus argues that the BIA erred in concluding that he was not entitled to reopening based on the BIA's purported misinterpretation of the "spirit" of 8 C.F.R. § 1003.44. In the alternative, he asks for a remand in order for the BIA to determine whether to reopen the proceedings *sua sponte*.

---

prima facie case for relief.

8 C.F.R. § 1003.2(a).

[10] Under section 245(a), the Attorney General has discretion to adjust the status of "an alien who was inspected and admitted or paroled into the United States" to that of lawful permanent resident if:

> (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a).

[11] Pursuant to regulations enacted after *St. Cyr*, a petitioner is ineligible for section 212(c) relief if "[t]he alien is deportable under former section 241 of the Act or removable under section 237 of the Act on a ground which does not have a statutory counterpart in section 212 of the Act." 8 C.F.R. § 1212.3(f)(5); *see Blake*, 489 F.3d at 99 (upholding application of statutory counterpart rule in similar context). Here, there is no dispute that Cyrus's firearm conviction renders him deportable under former section 241(a)(2)(C) of the INA.

The Government asserts that the BIA's decision not to reopen removal proceedings pursuant to 8 C.F.R. § 1003.44 was correct. The Government further contends that Cyrus could not move to reopen under 8 C.F.R. § 1003.44 for any other purpose and that the BIA properly declined to reopen proceedings *sua sponte*.

## DISCUSSION

We write briefly to clarify two points. First, we observe that, as a matter of law, reopening on the basis of 8 C.F.R. § 1003.44 is not available to a petitioner who is not eligible for section 212(c) relief. Second, we reaffirm that we lack jurisdiction to review the BIA's decision not to reopen removal proceedings *sua sponte*.

A.      The BIA's Denial of the Motion to Reopen pursuant to 8 C.F.R. § 1003.44

We review the denial of a motion to reopen for abuse of discretion. *See Jie Chen v. Gonzales*, 436 F.3d 76, 77 (2d Cir. 2006); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

As an initial matter, we note that Cyrus does not contest that the ground on which he was ordered removed, his 1991 weapons possession conviction, is not subject to waiver under section 212(c).[12] Therefore, as the BIA properly concluded, he is ineligible for section 212(c) relief pursuant to 8 C.F.R. § 1212.3(f)(5). While that should end the matter, we write to underscore what should be an obvious proposition—namely, that reopening removal proceedings on the basis of 8 C.F.R. § 1003.44 is not available to a petitioner ineligible for section 212(c) relief because 8 C.F.R. § 1003.44 by its terms allows reopening "solely for the purpose of adjudicating the application for section 212(c) relief." 8 C.F.R. § 1003.44(e). In addition, section 1003.44(b) states clearly that a motion for reopening "to seek section 212(c) relief must establish that the alien . . . [i]s otherwise eligible to apply for section 212(c) relief under the standards that were in effect at the time the alien's plea was made, regardless of when

_____

[12] Cyrus argues that he should be permitted to reopen removal proceedings in order to pursue section 212(c) relief on the basis of his other convictions; however, the removal order was based solely on his firearm conviction and, thus, 212(c) relief is unavailable on those grounds.

6

the plea was entered by the court." 8 C.F.R. § 1003.44(b). Thus, by its own terms, the text of the regulation clearly limits motions for reopening to those petitioners who, upon reopening, could or would be eligible to pursue section 212(c) relief.

This commonsense reading comports with the purpose of the regulation, which was designed to permit certain lawful permanent residents to apply for section 212(c) relief in response to the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289 (2001). *St. Cyr* held that certain provisions of AEDPA and IIRIRA, which narrowed and then eliminated section 212(c) discretionary relief, did not apply retroactively. *Id.* The Court held that "section 212(c) relief remains available for [those] . . . who . . . would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326. In response, 8 C.F.R. § 1003.44(e) was proposed in order to "codify the Supreme Court's holding" and permit aliens to reopen proceedings where they had been eligible for section 212(c) relief "at the time of their pleas[.]" Section 212(c) Relief for Aliens With Certain Criminal Convictions Before April 1, 1997, 67 Fed. Reg. 52627, 52628 (proposed Aug. 13, 2002) (later codified at 8 C.F.R. pts. 2, 212, and 240) (citation omitted). When proposed, the agency's comments on the rule restricted eligibility for relief thereunder to those who "at a minimum, meet [certain] criteria to be considered for a waiver under section 212(c)." *Id.* Those criteria include that "[t]he alien is deportable or removable on a ground that has a corresponding ground of exclusion or inadmissibility." *Id.* at 52628–29 (referencing the eligibility requirements of section 212(c)). Having conceded that his firearm conviction, the sole basis for the finding of inadmissibility, has no statutory counterpart, Cyrus is not only ineligible for section 212(c) relief but also ineligible, by definition, for reopening his removal proceedings on the basis of 8 C.F.R. § 1003.44.

Permitting a petitioner who would be ineligible for section 212(c) relief to reopen the proceedings pursuant to 8 C.F.R. § 1003.44 is inconsistent with the text and purpose of the regulation. Accordingly, the BIA did not err, or "abuse its discretion," in concluding that Cyrus was not entitled to

7

reopen removal proceedings for the purpose of seeking section 212(c) relief under 8 C.F.R. § 1003.44. *Cf. Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) ("error of law" constitutes "abuse of discretion").

B.    The BIA's Decision Not to Reopen Removal Proceedings *Sua Sponte*

Cyrus also seeks review of the BIA's decision declining to reopen his removal proceedings *sua sponte* pursuant to 8 C.F.R. § 1003.2(a). The BIA's decision not to reopen removal proceedings *sua sponte* is an "entirely discretionary" decision for which "we lack jurisdiction to review." *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Challenges to discretionary decisions, like the one raised here, "essentially dispute[] the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion." *Barco-Sandoval v. Gonzales*, 496 F.3d 132, 136 (2d Cir. 2007). As we have stated repeatedly, such discretionary decisions are beyond our review. *See id.*; *Camara v. Dep't of Homeland Sec.*, 497 F.3d 121, 124 (2d Cir. 2007); *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 97 (2d Cir. 2007). We are therefore without jurisdiction to review the BIA's decision to not reopen *sua sponte* the removal proceedings.

**CONCLUSION**

For the reasons stated above, (1) the petition is denied in part insofar as it seeks to reopen removal proceedings so that he can apply for waiver of inadmissibility under former section 212(c) of the INA; and (2) the petition is dismissed in part insofar as it seeks review of the BIA's decision not to reopen *sua sponte* the removal proceedings.