**Fredi PIROLI, a/k/a Fredi Piooli, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2574–ag.

United States Court of Appeals, Second Circuit.

Feb. 26, 2008.

Charles Christophe, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Aviva L. Poczter, Senior Litigation Counsel, Vanessa O. Lefort, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Fredi Piroli, a native and citizen of Albania, seeks review of the May 29,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

2007 order of the BIA denying his motion to reopen. *In Fredi Piroli, a.k.a. Fredi Pioli,* No. A78 938 186 (B.I.A. May 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, because Piroli did not petition for review of the BIA's February 2004 decision summarily affirming the IJ's November 2002 decision, we limit our review to the BIA's May 2007 decision denying his motion to reopen. *Cf. Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

The BIA did not abuse its discretion in concluding that Piroli failed to establish that his untimely motion to reopen to apply for asylum, withholding of removal, or CAT qualified for an exception to the time and numerical limitations based on "changed circumstances" in Albania. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA accurately noted that, with respect to Piroli's fear of the Socialist Party in Albania, there was no evidence in the record that conditions in Albania had changed within the meaning of 8 C.F.R. 1003.2 since his November 2002 hearing before the IJ. Indeed, the U.S. Department of State's 2005 Country Report on Human Rights Practices for Albania states that Albania is a parliamentary democracy. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 185–86 (2d Cir. 2006) (describing a "substantial change"

towards democracy now that the Democratic Party is in power in Albania). Additionally, the report states that neither the Albanian government nor its agents committed politically motivated killings in 2005, and that there were no politically motivated disappearances or detentions strictly for political reasons.

Moreover, the BIA accurately noted that Piroli's affidavits and letters from family and friends also failed to show changed country conditions in Albania, because the documents only substantially describe incidents that occurred prior to Piroli's departure from Albania.

Furthermore, Piroli argues that the BIA failed to fully review the record in support of changed country conditions. In its decision, however, the BIA noted Piroli's various submissions of articles, State Department country reports, and affidavits from family members, colleagues, and party members in Albania and indicated that it had "reviewed the documents submitted in the motion." While the BIA has an obligation to address all evidence relevant to a petitioner's claim, the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (internal quotations and citations omitted). The BIA must consider the relevant evidence, but "it may do so in summary fashion without a reviewing court presuming that it has abused its discretion." *Id.*

Finally, because Piroli failed to request that his motion to reopen be granted *sua sponte* in his motion to reopen to the BIA, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Even if this argument were properly before us, we

would lack jurisdiction to review the BIA's "entirely discretionary" decision to decline to reopen proceedings *sua sponte.* *See Cyrus v. Keisler,* 505 F.3d 197, 202 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DISMISSED as moot.