**YI DUAN CHEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

No. 07–3607–ag.

United States Court of Appeals, Second Circuit.

May 6, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

8

Thomas V. Massucci, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Richard M. Evans, Assistant Director, Nancy E. Friedman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Duan Chen, a native and citizen of the People's Republic of China, seeks review of the July 25, 2007 order of the BIA denying her motion to reopen. *In re Yi Duan Chen,* No. A72 500 270 (B.I.A. July 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

It is beyond dispute that Chen's motion to reopen was untimely. *See* 8 C.F.R. § 1003.2(c)(2). In certain circumstances, an alien may toll the time limit applicable to a motion to reopen by demonstrating ineffective assistance of counsel. *See Iavorski v. INS,* 232 F.3d 124, 127 (2d Cir.2000). However, in addition to showing prejudice and complying with the requirements set forth in *Matter of Lozada,*

19 I. & N. Dec. 637 (BIA 1988), the alien must show that she exercised due diligence during the period she seeks to toll. *See Jian Hua Wang v. BIA,* 508 F.3d 710, 715 (2d Cir.2007). "[N]o matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence during the time period sought to be tolled." *Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006).

Chen argues that the time limit should have been equitably tolled in her case because she was severely depressed during the period she seeks to toll. The record reflects that Chen was on notice of the alleged ineffective assistance of counsel since at least July 1997 when she submitted a motion before the BIA detailing counsel's conduct. Chen did not move to reopen her case, however, for nearly nine years thereafter. Further, the record shows that during that time, she submitted an adjustment of status application with U.S. Citizenship and Immigration Services, reflecting her ability to pursue her case in some respect. We find no abuse of discretion in the BIA's conclusion that Chen failed to demonstrate that she exercised due diligence in pursuing her ineffective assistance of counsel claim. *See Jian Hua Wang,* 508 F.3d at 715.

Chen argues that the BIA "utterly failed" to consider the affidavit by Dr. Stephen Reich diagnosing Chen's ten year bout with depression. Contrary to Chen's argument, there is nothing to suggest that the BIA did not take Dr. Reich's affidavit into consideration in making its determination that Chen had "not established that her depression was so severe that she was prevented from further investigating her immigration status." *See Xiao Ji Chen v. U.S. Dept. of Justice,* 471 F.3d 315, 338 n.

17 (2d Cir.2006) (presuming that the agency takes into account all of the evidence before it, "unless the record compellingly suggests otherwise").

Moreover, Chen argues that her case should be remanded for the agency to adjudicate her adjustment application. That argument is without merit. The BIA did not abuse its discretion in declining to reopen her case where there is no exception to the time limits on motions to reopen for an alien to apply for adjustment under 8 U.S.C. § 1255(i). *See* 8 C.F.R. § 1003.2(c)(3).

■ Finally, the BIA's decision not to reopen Chen's proceedings *sua sponte* is an "entirely discretionary decision for which we lack jurisdiction to review." *See Cyrus v. Keisler,* 505 F.3d 197, 202 (2d Cir.2007) (quoting *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006)).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.