**Rafael Heladio DUARTE–ACEVEDO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 07–3227–ag.

United States Court of Appeals, Second Circuit.

Oct. 6, 2008.

Jorge Guttlein, Guttlein & Associates, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Nicole N. Murley, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Rafael Heladio Duarte Acevedo, a native and citizen of Colombia, seeks review of a June 28, 2007 order of the BIA denying his motion to reopen. *In re Rafael Heladio Duarte Acevedo,* No. A97 632 377 (B.I.A. Jun. 28, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary

or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

A party may file only one motion to reopen removal proceedings, and must do so no later than ninety days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(1), (c)(2). This time limitation does not apply, however, to a motion to reopen proceedings to apply or reapply for asylum "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, it is undisputed that Duarte–Acevedo's March 2007 motion to reopen was untimely where it was not filed within ninety days of the BIA's August 2006 final order of removal. Further, as noted by the BIA, Duarte–Acevedo did not allege that conditions in Colombia have worsened, so as to bring his motion to reopen within the exception to the time-bar provided in 8 C.F.R. § 1003.2(c)(3)(ii). Rather, Duarte–Acevedo argued exclusively that the BIA should have exercised its *sua sponte* authority to reopen proceedings pursuant to 8 C.F.R. § 1003.2(a). We lack jurisdiction to review a decision of the BIA not to reopen proceedings *sua sponte* under 8 C.F.R. § 1003.2(a), because such a decision is "entirely discretionary." *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006); *Cyrus v. Keisler,* 505 F.3d 197, 202 (2d Cir.2007). Because the BIA explicitly stated that it "declined to exercise [its] *sua sponte* authority" pursuant to 8 C.F.R. § 1003.2(a), and Duarte–Acevedo argues in his brief to this Court that the BIA erred in so doing because his evidence was "previously unavailable," we are with-

out jurisdiction to review the BIA's denial of his motion to reopen. *Azmond Ali,* 448 F.3d at 518.

For the foregoing reasons, the petition for review is DISMISSED. Any pending motion for a stay of removal in this petition is DISMISSED as moot.