**Charan Singh MANGAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 07–5457–ag (L), 08–1344–ag (Con).

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

---

Charan Singh Mangar, pro se, Carteret, NJ, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Linda S. Wernery, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Charan Singh Mangar, a native and citizen of India, seeks review of a November 6, 2007 order of the BIA denying his motion to reopen his removal proceedings and a February 27, 2008 order of the BIA denying his motion to reconsider. *In re Charan Singh Mangar,* No. A70 530 205 (B.I.A. Nov. 6, 2007); *In re Charan Singh Mangar,* No. A70 530 205 (B.I.A. Feb. 27, 2008).[1] We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). We find no abuse of discretion in this case.

### A.  Motion to Reopen

The BIA properly denied Mangar's May 2007 motion to reopen as time and number barred, where it was his second such motion and it was filed almost 5 years after the BIA's final decision in his case. *See* 8 C.F.R. § 1003.2(c)(2). In some circumstances the time limitation may be equitably tolled to accommodate claims of ineffective assistance of counsel, provided that the movant has exercised "due diligence" in vindicating his or her rights. *See Cekic v. INS,* 435 F.3d 167, 170 (2d Cir.2006). The BIA did not abuse its discretion in finding that Mangar failed in his motion to establish that he exercised due diligence in pursuing his ineffective

---

1. We note that the Alien Number listed on the covers of both Petitioner's and Respondent's brief is erroneous.

assistance of counsel claim where he failed to offer any explanation for the over five year delay in filing his motion. *Rashid v. Mukasey,* 533 F.3d 127, 131 (2d Cir.2008) (reiterating that "the alien bears the burden of proving that he was in fact diligent ... [and] no matter how egregiously ineffective counsel's assistance may have been, an alien will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence in pursuing his claim").

## B. Motion to Reconsider

■ The BIA also properly denied Mangar's December 2007 motion to reconsider. While a motion to reconsider must specify errors of fact or law in the BIA's decision, *see* 8 C.F.R. § 1003.2(b)(1), Mangar sought to introduce new evidence in his motion to reconsider. The BIA acted within its discretion in denying a motion to reconsider that sought to remedy deficiencies in a prior motion to reopen. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 168 (2d Cir.2008).

■ Finally, we are without jurisdiction to consider Mangar's argument that we should remand his case for the BIA to consider his request that it exercise its authority to *sua sponte* reopen his removal proceedings. *See Cyrus v. Keisler,* 505 F.3d 197, 200–201 (2d Cir.2007). The BIA's decision to exercise its *sua sponte* authority is "entirely discretionary." *Id.* at 202 (citing *Ali,* 448 F.3d at 518). We dismiss the petition for review to that extent.

For the foregoing reasons, the petitions for review are DENIED in part, and DISMISSED in part.