SUMMARY ORDER

Petitioner Ben Hui Chen, a native and citizen of the People’s Republic of China, seeks review of the November 30, 2007 order of the BIA denying his motion to reopen. In re Ben Hui Chen, No. A72 183 072 (B.I.A. Nov. 30, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Alt v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Here, we conclude that the BIA did not abuse its discretion in denying Chen’s motion.
An alien seeking to reopen proceedings is entitled to one motion to reopen and must file his motion no later than 90 days after the date on which the final administrative decision was rendered. See 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen’s July 2007 motion was both untimely and numerically barred. Id. Moreover, the BIA properly found that Chen’s motion did not qualify for any exception to the time and numerical limitations. See 8 C.F.R. § lOOS^c)®)©.[1] It is well-settled that a change in personal circumstances, such as the birth of Chen’s two U.S. citizen daughters, is not evidence of changed conditions in China. See Wei Guang Wang v. BIA, 437 F.3d 270, 273-274 (2d Cir.2006); Li Yong Zheng v. U.S. Dep’t of Justice, 416 F.3d 129, 130-31 (2d Cir.2005).
The balance of Chen’s arguments are entirely foreclosed by our decision in Yuen Jin v. Mukasey, 538 F.3d 143, 156 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is *675 DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. To the extent Chen argues that the BIA should have reopened his case under its sua sponte authority pursuant to 8 C.F.R. § 1003.2(a), we lack jurisdiction to consider his argument. See Azmond Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006); Cyrus v. Keisler, 505 F.3d 197, 202 (2d Cir.2007).