SUMMARY ORDER

Agus Martono and Helen Mercy Mai-nassy, natives and citizens of Indonesia, seek the review of a February 8, 2008 order of the BIA denying their motion to reopen. In re Agus Martono, Helen Mercy Mainassy, Nos. A96 262 745, A96 262 746 (B.I.A. Feb. 8, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing INS v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)).
A party may file only one motion to reopen removal proceedings, and must do so no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(1), (c)(2). However, this time limitation does not apply to a motion to reopen proceedings to apply for asylum “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.” 8 C.F.R. § 1003.2(c)(3)(h).
Here, it is undisputed that Martono’s March 2007 motion to reopen was untimely where it was not filed within 90 days of the BIA’s September 2005 final order of removal. Furthermore, the BIA correctly observed that Martono did not set forth a claim for changed country conditions under 8 C.F.R. § 1003.2(c)(3)(h). Indeed, Martono does not dispute that finding and agrees that he did not request reopening under this provision. Rather, Martono argues that the BIA should have considered his previously unavailable evidence under its sua sponte authority to reopen proceed *506 ings pursuant to 8 C.F.R. § 1003.2(a). We lack jurisdiction to review a decision of the BIA not to reopen proceedings sua sponte under 8 C.F.R. § 1003.2(a), because such a decision is “entirely discretionary.” Azmond Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006); Cyrus v. Keisler, 505 F.3d 197, 202 (2d Cir.2007). Because Martono challenges only the BIA’s decision declining to exercise its sua sponte authority, we are without jurisdiction to review the BIA’s denial of his motion to reopen. Azmond Ali, 448 F.3d at 518.
For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.