**WEN HUI ZHANG, Petitioner,**

**v.**

secution as long as the totality of the circumstances establish that [she] is not credible."

Eric H. HOLDER, Jr.,* United States Attorney General, Respondent.

No. 08–3157–ag.

United States Court of Appeals, Second Circuit.

March 26, 2009.

Wen Hui Zhang, pro se, Flushing, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

*Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 164 (2d Cir.2008).

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Hold-

PRESENT: Hon. ROGER J. MINER, Hon. PIERRE N. LEVAL, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Wen Hui Zhang, a native and citizen of the People's Republic of China, seeks review of the June 5, 2008 order of the BIA denying his motion to reconsider. *In re Wen Hui Zhang,* No. A73 639 927 (B.I.A. June 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, an alien files a timely petition for review from the denial of a motion to reconsider, but not from the underlying decision for which reconsideration is sought, we may review only the denial of the motion to reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001). With respect to the denial of his motion to reconsider, Zhang's sole argument is that the BIA abused its discretion in declining to *sua sponte* reopen his proceedings. We lack jurisdiction to review a decision of the BIA regarding whether to *sua sponte* reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006); *see also Cyrus v. Keisler,* 505 F.3d 197, 202 (2d Cir.2007).

For the foregoing reasons, the petition for review is DISMISSED.

er Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.