**BAO ZHI LIU, Petitioner,**

**v.**

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

**Nos. 07–4982–ag (L), 08–3982–ag (Con).**

United States Court of Appeals, Second Circuit.

Oct. 19, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey.

Theodore N. Cox, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Regan Hildebrand, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, B.D. PARKER, and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Bao Zhi Liu, a native and citizen of the People's Republic of China, seeks review of: (1) the October 29, 2007 order of the BIA denying his second motion to reopen, *In re Bao Zhi Liu,* No. A072 366 183 (B.I.A. Oct. 29, 2007); and (2) the July 31, 2008 order of the BIA denying his third motion to reopen, *In re Bao Zhi Liu,* No. A072 366 183 (B.I.A. July 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). There is no dispute that Liu's second and third motions to reopen would ordinarily be untimely and number-barred. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file only one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered). However, there are no time and number limitations for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

### I.   Dkt. No. 07–4982–ag (L)

■  The BIA did not abuse its discretion in denying Liu's second motion to reopen because it reasonably found that he failed to proffer material evidence in support of that motion. Liu was previously found not credible in his underlying proceeding, and his changed country conditions argument was supported only by unauthenticated documents. In such circumstances, the BIA does not err in refusing to credit the movant's evidence. *See*

*Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147–48 (2d Cir.2007) (finding that the agency may properly conclude that a prior adverse credibility determination undermines the authenticity of documentary evidence accompanying an alien's motion to reopen); *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (holding that a "finding of fraudulent evidence redounds upon all evidence the probative force of which relies in any part on the credibility of the petitioner."); 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). Nor did the BIA abuse its discretion by not revisiting Liu's ineffective assistance and adjustment of status claims given that the stipulated order remanding Liu's case to the BIA did not require it to do so.

### II.   Dkt. No. 08–3982–ag (L)

■  To the extent that Liu challenges the BIA's refusal to reopen his case *sua sponte* based on alleged translation errors in the record, we lack jurisdiction to review those arguments because such a decision is "entirely discretionary." *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006); *see also Cyrus v. Keisler,* 505 F.3d 197, 202 (2d Cir.2007).[2]

■  Liu further argues that the BIA erred by failing to consider the evidence he submitted in support of his third mo-

---

**2.** The BIA construed Liu's argument regarding translation errors as a request that it exercise its authority to reopen his proceedings *sua sponte.* Liu does not challenge the BIA's decision to do so. Nonetheless, we note that because the statute is clear that an alien must show "changed country conditions," 8 U.S.C. § 1229a (c)(7)(C)(ii), the BIA did not abuse its discretion by declining to reopen based on Liu's argument that the BIA's past reliance on mistranslated documents was the "functional equivalent" of such

a change. We allow that in some circumstances—such as when new evidence brings to light an ongoing but heretofore unknown persecutory practice that may alter the State Department's perception of country conditions—the BIA may abuse its discretion by finding that the evidence does not show the requisite change. But, such is not the case here. As the BIA found, the allegedly mistranslated portions of the evidence in question, even if corrected, would not change the evidence's meaning.

tion to reopen. However, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (internal quotation marks omitted), and "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir. 2006). Here, it is clear that the BIA considered the evidence Liu submitted in support of his third motion to reopen and did not err in denying that motion. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, these petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).