10-5081-ag
Gao v. Holder

BIA
A073 167 535

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of November, two thousand eleven.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
RICHARD C. WESLEY,
  *Circuit Judges.*

_____

YUN JIN GAO,
  *Petitioner,*

  v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

10-5081-ag

NAC

| | |
|---|---|
| FOR PETITIONER: | Douglas B. Payne, New York, NY |
| FOR RESPONDENT: | Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Yedidya Cohen, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner, Yun Jin Gao, a native and citizen of China, seeks review of a November 19, 2010, order of the BIA denying his motion to reopen his proceedings. *In re Yun Jin Gao*, No. A073 167 535 (B.I.A. Nov. 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may only file one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). Gao's 2010 motion to reopen was untimely, as he was ordered removed in 2002. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2).

Gao argues, however, that the agency abused its discretion in denying his motion because the time limitation should have been excused based on ineffective assistance of counsel. In order to prevail on a claim of ineffective

2

assistance of counsel, a movant must, among other requirements, demonstrate that he has exercised "due diligence" in vindicating his rights. *See Cekic v. INS,* 435 F.3d 167, 171 (2d Cir. 2006). Gao failed to demonstrate that he took any steps to vindicate his rights in the eight years between filing his November 2002 petition for review of the agency's denial of his first motion to reopen, in which he complains of ineffective assistance of counsel, and filing his September 2010 second motion to reopen. He also did not indicate whether he relied on any attorney assurances that his claim was being pursued. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008); *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

As Gao failed to demonstrate due diligence, we do not reach his argument that the agency erred in determining that he failed to demonstrate that he was prejudiced by counsel's ineffective assistance. *See Cekic,* 435 F.3d at 170. Moreover, we lack jurisdiction to review the BIA's discretionary decision not to exercise its *sua sponte* authority to reopen Gao's proceedings, and thus dismiss the petition for review to the extent Gao asserts *sua sponte* reopening was warranted. *See Azmond Ali v. Gonzales*, 448

F.3d 515, 518 (2d Cir. 2006); *Cyrus v. Keisler*, 505 F.3d 197 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4