10-3531-ag
Yacoub v. Holder

BIA
A079 076 935

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand eleven.

PRESENT:
　　　　BARRINGTON D. PARKER,
　　　　RICHARD C. WESLEY,
　　　　RAYMOND J. LOHIER, JR.,
　　　　　　*Circuit Judges.*

FOUAD YACOUB,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　10-3531-ag
　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　James A. Welcome, Waterbury, Connecticut.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; Francis W. Fraser, Senior Litigation Counsel; W. Daniel Shieh, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Fouad Yacoub, a native and citizen of Syria, seeks review of a July 6, 2010, decision of the BIA denying his motion to reopen his removal proceedings. *In re Fouad Yacoub*, No. A079 076 935 (B.I.A. July 6, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Yacoub's motion to reopen, filed in May 2010, was untimely because the immigration judge ("IJ") issued a final order of removal in August 2004. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

Yacoub contends that changed country conditions excused the untimeliness of his motion to reopen. *See* 8 U.S.C. §

1229a(c)(7)(C)(ii).  The changed country conditions he references include increased terrorism and violence against non-Muslims and westerners in Syria, caused by deteriorating relations between Syria and the United States.  However, the BIA's determination that Yacoub failed to establish a material change in country conditions is supported by substantial evidence.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); 8 U.S.C. § 1252(b)(4)(B).

As noted by the BIA, Yacoub's country conditions evidence merely reflects a deterioration of conditions rather than any fundamental change in circumstances, and Yocoub fails to cite to a single piece of evidence purportedly demonstrating a material change in country conditions in his brief before this Court, *see* FED. R. APP. P. 28(a)(9)(A) (providing that a brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").  As a result, the record does not compellingly suggest that the BIA failed to consider any evidence, and the BIA's finding, that Yacoub failed to show a material change in country conditions, is supported by substantial evidence.  *See* 8 U.S.C. § 1252(b)(4)(B), *see also Jian Hui Shao*, 546 F.3d at 158.

3

Notwithstanding Yacoub's argument to the contrary, the BIA reasonably determined that his purported ability to adjust his immigration status, on the basis of his previously approved I-130 Petition, constitutes a change in personal circumstances rather than a material change in country conditions in Syria. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Yacoub's argument that the BIA erred by failing to assess his *prima facie* eligibility for relief is also without merit. A movant's failure to establish his *prima facie* eligibility for the underlying relief sought is an independent basis on which the BIA may deny a motion to reopen. But where, as here, the movant has failed to demonstrate a material change in country conditions, the BIA has no independent obligation to consider a movant's *prima facie* showing. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

Lastly, Yacoub argues that the BIA erred in refusing to reopen his removal proceedings *sua sponte*. We lack jurisdiction to consider this claim because the BIA's decision on this issue was "entirely discretionary." *Ali v. Gonzales*, 448 F.3d at 518; *Cyrus v. Keisler*, 505 F.3d 197, 202 (2d Cir. 2007). While we have held remand appropriate "where the Agency may have declined to exercise its sua

4

sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), here, there is no indication that the BIA misperceived any law in declining to exercise its *sua sponte* authority, *see* 8 C.F.R. § 1003.2(a); *In re J-J-*, 21 I. & N. Dec. 976, 976 (B.I.A. 1997).

Because the BIA reasonably concluded that Yacoub did not demonstrate a material change in country conditions in Syria, it did not abuse its discretion by denying his motion to reopen as untimely.
*See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5