11-2021-ag
Li v. Holder

BIA
A072 836 724

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of February, two thousand twelve.

PRESENT:
>    DENNIS JACOBS,
>        *Chief Judge,*
>    GUIDO CALABRESI,
>    GERARD E. LYNCH,
>        *Circuit Judges.*

_____

HUI LI, AKA, CHENG YI YONG,
>    *Petitioner,*

>    v.                                11-2021-ag
>                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel; Katherine A. Smith, Trial Attorney, Kira

**Hettinger, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Hui Li, a native and citizen of the People's Republic of China, seeks review of an April 22, 2011, decision of the BIA denying his motion to reopen. *In re Hui Li*, No. A072 836 724 (B.I.A. Apr. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Li's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When, as here, the BIA considers relevant evidence of country conditions in evaluating the motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Normally, an alien may file only one motion to reopen and must do so within 90 days of the agency's final administrative decision. 8 U.S.C. § 1229a(c)(7)(A),(C); 8

C.F.R. § 1003.2(c)(2).  However, there is no time or numerical limitation for filing a motion to reopen if it is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Here, the BIA did not abuse its discretion in finding that Li's newly commenced practice of Christianity constituted a change in his personal circumstances, rather than a change in country conditions sufficient to excuse the applicable time and numerical limitations.  *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (explaining that a change in "personal circumstances *in the United States*" did not constitute a change in country conditions excusing the filing deadline for motions to reopen).  Moreover, the BIA did not abuse its discretion in finding that Li did not establish a material change in conditions in China because he failed to submit any evidence in support of his motion describing China's treatment of Christians and underground church members at

3

the time of his 2002 deportation proceedings. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) (In evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Indeed, while Lin submitted numerous governmental and organizational reports and newspaper articles from 2009 describing China's human rights practices and its treatment of Christians and house church members, he did not submit any reports or articles that described the Chinese government's treatment of those groups prior to 2009. Although Li urges this Court to compare the 2009 U.S. Department of State Country Report for China ("2009 Country Report") that he submitted to the BIA with earlier State Department reports, and argues that the 2009 Country Report "reflect[s] a worsening of repression" as compared to previous years, we decline to consider these earlier reports because they were not part of the administrative record. *See* 8 U.S.C. § 1252(b)(4)(A). Accordingly, the BIA did not abuse its discretion in finding that Li failed to demonstrate any material change in country conditions excusing the untimely and number-barred filing of his 2010 motion to reopen. *See Matter of S-Y-G-*, 24 I. & N. Dec. at 253.

4

Furthermore, the BIA reasonably concluded that the country conditions evidence Li submitted did not demonstrate a material change in country conditions because the 2009 Country Report and the 2009 Congressional-Executive Commission on China Annual Report ("Congressional-Executive Report") indicated that the Chinese government's oppression of unregistered Christians reflected a continuation of its decades-long effort to suppress unauthorized religious groups, rather than an intensification of its harassment and persecution of unregistered Christians. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Moreover, given the BIA's explicit references to the documentation Li submitted with his motion to reopen, we cannot conclude that the BIA ignored any of Li's evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) (holding that the BIA is not required to "expressly parse or refute on the record" each individual argument or piece of evidence offered by the petitioner as long as it "has given reasoned consideration to the petition, and made adequate findings") (citation omitted).

Because the BIA's finding that Li failed to demonstrate a change in conditions in China is dispositive of his motion to reopen, we do not reach the issue of whether Li established his *prima facie* eligibility for relief.

5

Finally, we lack jurisdiction to review the BIA's decision not to reopen Li's proceedings *sua sponte*, as that decision is "entirely discretionary." *See Cyrus v. Keisler*, 505 F.3d 197, 202 (2d Cir. 2007) (finding that the BIA's decision not to reopen *sua sponte* under 8 C.F.R. § 1003.2(a) is a discretionary decision that is not subject to judicial review).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
