Adama KONE, Petitioner,

v.

Eric H. HOLDER, Jr., United States
Attorney General, Respondents.

Nos. 08–1161–ag(L), 08–3372–ag(Con).

United States Court of Appeals,
Second Circuit.

March 31, 2009.

Jeffrey M. Okun, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Adama Kone, a native and citizen of the Ivory Coast, seeks review of: (1) the February 15, 2008 order of the BIA, which denied his motion to reopen; and (2) the June 10, 2008 order of the BIA, denying his motion to reconsider. *In re Adama Kone*, No. A73 537 736 (B.I.A. Feb. 15, 2008); *In re Adama Kone*, No. A73 537 736 (B.I.A. June 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). We find no abuse of discretion in this case.

### A. Motion to Reopen

■ The BIA properly denied Kone's November 2007 motion to reopen as time barred, where it was filed almost 10 years after the BIA's final order in his case. *See* 8 C.F.R. § 1003.2(c)(2). In some circumstances the time limitation may be equitably tolled to accommodate claims of ineffective assistance of counsel, provided that the movant has exercised "due diligence" in vindicating his or her rights. *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir.2006). The BIA did not abuse its discretion in finding that Kone failed to establish that he exercised due diligence in pursuing his ineffective assistance of counsel claim where he began to pursue his claims against his former attorneys, at the earliest, six years after their representation ended. *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir.2008).

■ The time limitation does not apply to a motion to reopen proceedings to apply for asylum based on changed country conditions. *See* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not abuse its discretion in concluding that the evidence Kone submitted did not demonstrate his *prima facie* eligibility for asylum. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir.2005). Other than relying on the premise that civil strife exists in the Ivory Coast, he does not explain how he is similarly situated to the FPI party members that were attacked and why he would be personally targeted if he returned there. *Id.*; *Melgar de Torres v. Reno*, 191 F.3d 307, 314 n. 3 (2d Cir.1999).

■ We are without jurisdiction to consider Kone's argument that we should remand his case for the BIA to consider his request that it exercise its *sua sponte* authority to reopen his removal proceedings. *See Cyrus v. Keisler*, 505 F.3d 197, 200–201 (2d Cir.2007); *See also Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.2006).

### B. Motion to Reconsider

■ The BIA also properly denied Kone's motion to reconsider. While a mo-

tion to reconsider must specify errors of fact or law in the BIA's decision, *see* 8 C.F.R. § 1003.2(b)(1), Kone simply reasserted arguments that he had previously raised before the BIA in his motion to reopen. However, a motion to reconsider may not be used to reassert arguments that have already been rejected by the BIA. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (finding that the BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected).

For the foregoing reasons, the consolidated petitions for review are DENIED. As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).