08-5438-ag
Gonzalez-Polanco v. Holder

BIA
Speer, John K., IJ
A029 832 781

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of December, two thousand and nine.

PRESENT:  PIERRE N. LEVAL,
          PETER W. HALL,            *Circuit Judges*,
          J. GARVAN MURTHA,[*]      *District Judge*.

-------------------------------------------------------------------------x
FAUSTO ANDRES REINALDO GONZALEZ-POLANCO,

                                    *Petitioner*,

    -v.-                                              No. 08-5438-ag

ERIC H. HOLDER, JR.[**], United States Attorney General, U.S. Department of Justice,

                                    *Respondent*.[***]

_____

[*] J. Garvan Murtha, Senior District Judge of the United States District Court for the District of Vermont, sitting by designation.

[**] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

[***] The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

-------------------------------------------------------------------------x

APPEARING FOR THE PETITIONER:     MANUEL D. GOMEZ, New York, New York.

APPEARING FOR THE RESPONDENT:     JURIA L. JONES, (Tony West, Luis E. Perez, *on the brief*), Assistant Attorney General, Civil Division, United States Department of Justice, New York, New York.

This is a petition for review of the Board of Immigration Appeals's (the "Board" or "BIA") denial of petitioner's motion to reopen proceedings and reconsider the BIA's earlier decision affirming an immigration judge's decision ordering his deportation. UPON DUE CONSIDERATION of the petitions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part. Petitioner Fausto Andres Reinaldo Gonzalez-Polanco, a native and citizen of the Dominican Republic, seeks review of an October 16, 2008 order of the BIA. The BIA denied his motion to reopen removal proceedings on the ground that his motion was numerically barred and denied his motion to reconsider on the ground that it was untimely. *In re Fausto Andres Reinaldo Gonzalez-Polanco, No. A029 832 781* (B.I.A. Oct. 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *Zhao Quan Chen v. Gonzales*, 492 F.3d 153, 154 (2d Cir. 2007) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (per curiam); *Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur*, 413 F.3d at 233-34. Our review is limited to the BIA's denial of the motion, and "we are 'precluded from passing on the

2

merits of the underlying [removal] proceedings.' " *Jin Ming Liu*, 439 F.3d at 111 (quoting *Kaur*, 413 F.3d at 233).

Gonzalez-Polanco argues in effect that this Court should order the BIA to exercise its *sua sponte* authority to allow him to re-litigate whether he is eligible to adjust his immigration status and to conduct further analysis on the merits of the IJ's underlying decision. This Court, however, lacks jurisdiction to review the Board's decision not to reopen proceedings or reconsider *sua sponte*. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006) (holding that this Court lacks jurisdiction to review the BIA's decision not to exercise its *sua sponte* authority to reopen removal proceedings); *see also Cyrus v. Keisler,* 505 F.3d 197, 202 (2d Cir. 2007) ("[A]s we have stated repeatedly, such discretionary decisions are beyond our review. We are therefore without jurisdiction to review the BIA's decision not to reopen the removal proceedings *sua sponte*.") (internal citations omitted). We dismiss the petition for review to the extent it seeks such relief. *See Ali*, 448 F.3d at 517-18.

The BIA correctly found Gonzalez-Polanco's motion to reopen to be numerically barred, *see* 8 C.F.R. § 1003.2(c)(2); *see also* 8 U.S.C. § 1229a(c)(7)(A), (C), and properly denied his motion to reconsider as untimely. *See* 8 C.F.R. § 1003.2(b)(2); 8 U.S.C. § 1229a(c)(6)(B). Pursuant to 8 C.F.R. § 1003.2(c)(2), an alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. An alien may file one motion to reconsider a decision that the alien is removable from the United States but must do so within 30 days of the date of entry of a final administrative order of removal. *See* 8 U.S.C. § 1229a(c)(6)(B).

Petitioner filed his first motion to reopen and reconsider in March 2002. That motion was denied the same month. He filed a second motion in April 2002. That motion was denied because it exceeded the numerical limitation for motions to reopen. In August 2008, petitioner

filed the present motion to reopen and reconsider.  That motion was denied because the motion to reopen exceeded the numerical limitation for such motions and the motion to reconsider was untimely.  It is undisputed that petitioner filed two motions to reopen prior to the present one, that the IJ issued the final order of removal on February 25, 2002, and that petitioner did not file the instant motion until August 15, 2008, more than six years after the BIA's final order.  Gonzalez-Polanco fails to offer any explanation or excuse as to why his motion to reconsider was filed six years after the Board's order had become final.  Moreover, he does not argue that the Board misconstrued his motion.

The BIA did not abuse its discretion in: (i) denying petitioner's motion to reopen as numerically barred where it was petitioner's third such motion; or (ii) denying as untimely petitioner's motion to reconsider where it was filed more than six years after the agency's final order of removal.  *See* 8 U.S.C. § 1229(a)(c)(6)(B); 8 C.F.R. § 1003.2(b)(2) ("A motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the Board decision . . ..").  The Board reasonably followed regulations, and thus did not act arbitrarily or capriciously.

We have considered petitioner's remaining arguments and find them to be without merit.  Petitioner's motion to proceed in forma pauperis is GRANTED nunc pro tunc.  The petition for review is hereby DISMISSED in part and DENIED in part.  Petitioner's motion for a stay of removal is DENIED as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

by: _____

4